UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                            CRIMINAL ACTION

JOSHUA JERMAINE KINCHEN                           NUMBER 10-39-JJB-SCR

## **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 12, 2014.

                                  /s/ Stephen C. Riedlinger
                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

JOSHUA JERMAINE KINCHEN                             NUMBER 10-39-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Joshua Jermaine Kinchen.  Record document number 169. The Untied States of America filed an opposition.[1]

For the reasons which follow, the petitioner's § 2255 motion should be denied.

**I. Procedural History**

On March 20, 2012, the petitioner was found guilty of one count distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  Petitioner was sentenced to imprisonment for a term of 180 months.

Petitioner appealed to the United States Court of Appeals for the Fifth Circuit.  Petitioner asserted the following grounds for relief on appeal:

---

[1] Record document number 173.

1. The district court erred in admitting other crimes evidence.

2. The district court used an erroneous procedure to address witness Nathaniel Kinchen's assertion of his privilege against self-incrimination.

3. The district court erred in imposing sentence.

On September 5, 2013, the petitioner's conviction and sentence were affirmed on appeal. *United States v. Joshua Jermaine Kinchen*, 729 F.3d 466 (5th Cir. 2013). Petitioner did not seek a writ of certiorari in the United States Supreme Court.

Petitioner filed his § 2255 motion on March 19, 2014. Petitioner asserted the following grounds for relief:

Ground One: There was insufficient evidence to support his conviction of knowingly distributing at least 50 grams of cocaine base.

Ground Two: The sentence imposed by the court is illegal and unconstitutionally imposed.

Ground Three: The district court abused its discretion in not granting a Judgment of Acquittal when the evidence failed to establish guilt beyond a reasonable doubt.

Ground Four: His due process rights were violated when the district court severely limited the cross-examination of witnesses Roger Brooks and Nathaniel Kinchen.

Ground Five: The district court abused its discretion in admitting evidence of other crimes, including possession of a firearm by a convicted felon and possession of a distributable amount of cocaine, and his statement during a prior arrest that the only way he knew how to earn a living to support his family was selling drugs.

Petitioner's § 2255 motion was filed timely.  No evidentiary hearing is required.

## II. Applicable Law and Analysis

### A. Grounds for § 2255 Motion

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### B. Grounds Two, Four & Five: Raised on Direct Appeal

Petitioner conceded that the issues raised in Ground Two, Ground Four and Ground Five were also raised on direct appeal.

It is well settled in this circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in a § 2255 motion. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118, 106 S.Ct. 1977 (1986).

### C. Grounds One and Three: Procedural Default

In Ground One the petitioner argued that there was

insufficient evidence to support his conviction of knowingly distributing at least 50 grams of cocaine base. In Ground Three the petitioner argued that the district court abused its discretion in not granting a judgment of acquittal when the evidence failed to establish guilt beyond a reasonable doubt.

Following a conviction and exhaustion or waiver of the right to direct appeal, the defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978 (1992). A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982). If the alleged error is not constitutional or jurisdictional, the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *United States v. Capua*, 656 F2d. 1033, 1037 (5th Cir. 1981).

Petitioner did not argue, nor has he shown, that he has overcome the procedural bar by demonstrating the necessary cause

and prejudice[2] or a fundamental miscarriage of justice.[3] Petitioner's insufficient evidence claims are procedurally barred.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, May 12, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.
In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it. *United States v. Bowes*, 139 F.3d 900 (5th Cir. 1998).

[3] To prove a fundamental miscarriage of justice, the petitioner must assert his actual innocence. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).